UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-205-H

MAURICE WEST                                                                                          PETITIONER

v.

LARRY CHANDLER                                                                                  RESPONDENT

**MEMORANDUM OPINION AND ORDER**

On October 25, 2003, a Louisville Metro police officer arrested Petitioner Maurice West ("Petitioner") after finding him in the driver's seat of a parked car with an open bottle of beer and a cigar that appeared to have been dipped in codeine. Upon searching the car, the officer also found a loaded, 9mm Beretta. The Commonwealth of Kentucky charged Petitioner with possession of a handgun by a convicted felon, receiving stolen property, and possessing an open alcoholic beverage container in a motor vehicle. Further, Petitioner was charged as a Persistent Felony Offender in the First Degree (PFO I) having previously been convicted of and sentenced for several felonies. A jury convicted Petitioner of possession of a handgun by a convicted felon, a Class C felony, and of possessing an open alcoholic beverage container in an automobile. The jury fixed his sentence at seven years, which was enhanced, for being a PFO I, to 13 years. The state trial court sentenced Petitioner accordingly.

Petitioner appealed his conviction to the Kentucky Court of Appeals, which affirmed it. The Kentucky Supreme Court denied his petition for discretionary review. Petitioner now moves for this Court to grant a writ of habeas corpus on three grounds. First, he argues that the

jury should have been instructed as to the penalty range for a Class D as opposed to a Class C felony.  Second, he claims that the jury should have been instructed to determine whether the Beretta was a handgun.  Third, he asserts that the jury should have been instructed as to the difference between consecutive and concurrent terms of imprisonment when determining his status as a persistent felony offender.

The Magistrate Judge reviewed the facts and law presented by the parties and thoughtfully analyzed the issues.  He has issued Findings of Fact and Conclusions of Law, recommending that Petitioner's claim for a writ of habeas corpus be denied and that a certificate of appeal be denied as to each claim asserted in the petition.  Petitioner has filed an objection to the Magistrate's report, which predominantly discusses the same issues as outlined in his original petition.  After reviewing all of Petitioner's objections, this Court agrees completely with the overall scope and specific conclusions of that report.  It is not necessary to restate the Magistrate Judge's analysis in full.  This Court will briefly address its reasons for denying the writ.

I.

To qualify for habeas relief, Petitioner must satisfy the requirements of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See Dennis v. Mitchell*, 354 F.3d 511, 517 (6th Cir. 2003) (holding that petitions filed after the effective date of AEDPA, such as the petition here, are reviewed under AEDPA).  Under AEDPA, Petitioner is only eligible for habeas relief based on claims adjudicated in state court if the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United states" or "resulted in

a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner claims that the question of whether the Beretta was a handgun needed to be submitted to the jury. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Failure to do so could constitute an *Apprendi* error. Petitioner's objection, in large part, regards the proper standard of review for an *Apprendi* error. Yet the Magistrate Judge correctly identified and applied harmless-error analysis. "*Apprendi* errors are considered to be trial-type errors subject to harmless-error review." *Campbell v. U.S.*, 364 F.3d 727, 737 (6th Cir. 2004) (citing *United States v. Copeland*, 321 F.3d 582, 603 (6th Cir. 2003)); *see also U.S. v. Kuehne*, 547 F.3d 667, 681 n.4 (6th Cir. 2008) (stating that an *Apprendi* error is not a structural error) (citing *Washington v. Recuenco*, 548 U.S. 212 (2006)).

Petitioner argued that *Sullivan v. Louisiana* supplies the proper review analysis because the *Apprendi* error should be viewed as a structural error. 508 U.S. 275, 281-82 (1993). He claimed that *Sullivan* involved similar jury instructions that the Supreme Court found to deprive the defendant of his rights to a trial by jury, which it analyzed as a structural error. *Washington v. Recuenco* directly addressed whether an *Apprendi*-like error is a structural error that always invalidates a conviction under *Sullivan v. Louisiana* or whether it is subject to harmless error review. The Supreme Court made clear that the error of failing to submit a fact to the jury, whether it be a sentencing factor or element of the charge, are treated similarly and that those errors are reviewed for harmless error. *Washington*, 548 U.S. at 220, 221-222.

The Magistrate Judge thus correctly applied harmless error review to conclude that the failure to submit the question of whether the Beretta is a handgun to the jury produced no harm or prejudice to Petitioner. As the Magistrate Judge stated, the record contains uncontroverted evidence that the Beretta was a handgun. The Beretta itself was entered into evidence. Also, an officer testified that he test-fired the Beretta and could fire it with one hand. Further, the record contains no evidence countering that testimony. And, in fact, the Petitioner never argued that the Beretta was not a handgun.

Petitioner further objected to the Magistrate Judge's findings by arguing that because the question of whether the Beretta was a handgun was never submitted to the jury, the state trial court also erred by only instructing the judge on the penalty range for a Class C felony and not that for a Class D felony. Felony possession of a firearm is a Class D felony, while felony possession of a handgun is a Class C felony, which has a higher penalty range. KRS § 527.040 and § 532.020. If the Beretta handgun instruction had been submitted to the jury and the jury had found the Beretta was in fact a handgun, then failure to provide the Class D felony instruction would not have been an error. In fact, that instruction correctly applied to the indicted offense, possession of a handgun. Additionally, Petitioner's sentence was enhanced by being a PFO I. The enhancement for a Class C and Class D felony is the same for a PFO I, at 10-20 years. KRS § 532.080(6). Thus, Petitioner's ultimate sentence is within the statutory range for a Class C and a Class D felony.

Petitioner finally argues that the jury should have determined whether he served consecutive, interrupted sentences for his prior felony convictions before being sentenced as a PFO I. As the Magistrate Judge stated, under *Apprendi*, the fact of a prior conviction does not

-4-

have to be submitted to a jury. *Apprendi v. New Jersey*, 530 U.S. at 490. Thus, the state court could determine whether as a matter of law Petitioner was a PFO I. The Kentucky Appellate Court concluded that under Kentucky state law, the trial court did not err in determining that interrupted and consecutive felony sentences existed. Federal courts will not reexamine state-court determinations of state-law questions in habeas. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Thus, the Kentucky Appellate Court's conclusion is not reviewable by this Court.

Petitioner further argues that the Kentucky Appellate Court should be reviewed based on the existence of a video, which Petitioner has produced for the first time to this Court. The Magistrate Judge thoroughly addressed this point in his findings and conclusions. This Court agrees that the video cannot have any bearing on this proceeding. Since state court decisions on questions of state law are not reviewed, the videotape really plays no role in this decision. Its presence could not be used to overturn the state law conclusion. The conclusion was determined as a matter of law and the videotape was not presented in the state court trial or appellate proceeding. Accordingly, there is no basis for this Court to review the video.

II.

Petitioner seemingly argues that the cumulative effect of the otherwise harmless errors results in prejudice. The Sixth Circuit has held that "cumulative error claims are not cognizable in habeas because the Supreme Court has not spoken on this issue." *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).[1] If any of the three alleged errors actually exist, the result remains

---

[1] Previously, the Sixth Circuit has engaged in cumulative error analysis. *See United States v. Trujillo*, 376 F.3d 593 (6th Cir. 2004). Under that analysis, "a defendant must show that the combined effect of individually harmless errors was so prejudicial as to render his trial fundamentally unfair." *Id.* at 614 (citing *United States v. Parker*, 997 F.2d 219, 221 (6th Cir. 1993)). The Sixth Circuit has further clarified, however, that because the cumulative error doctrine is founded on non-Supreme Court precedent and AEDPA empowers a grant of habeas relief only based on the misapplication of Supreme Court law, cumulative error claims are without merit. *Baze v.*

harmless. Thus, the errors cannot be accumulated to produce a different result than produced by analysis of the individual errors.

As to all matters contained in the Magistrate's report and recommendation, this Court will adopt the analysis contained in the Magistrate's report and the conclusion that none are sufficient to justify issuance of a writ of habeas corpus.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for a Certificate of Appealability is DENIED.

This is a final order.

cc: Counsel of Record

---

*Parker*, 371 F.3d 310, 330 (6th Cir. 2004).